MEYER HELT, Plaintiff, v. BRITTEN-FENTON Co., INC., Defendant.[*]

Supreme Court, Special Term, New York County, May 21, 1943.

Walter C. B. Schlesinger and Joseph Lewis Simon for defendant.

Joseph Kottler for plaintiff.

MILLER, J. The plaintiff does not allege that the services performed by him constituted interstate commerce or that he was engaged in the production of goods for interstate commerce. It is not enough that the *defendant* was engaged in interstate commerce or in the production of goods therefor. (*Stoike* v. *First National Bank of the City of N. Y.*, 290 N. Y. 195.) In that case the court said: " In other words the defendant, as the employer, does not stress the nature of its business. Rather does it place emphasis upon the character of work done by the plaintiff as its employee — thus conforming with the rule that

' * * * the provisions of the Act expressly make its application dependent upon the character of the employees' activities.' (*Kirschbaum Co.* v. *Walling,* 316 U. S. 517, 524.) '' Although plaintiff alleges that he was employed in defendant's business it is quite possible that his activities related solely to intrastate phases of defendant's business which had no relation to interstate commerce. Paragraph third of the complaint alleges '' that a substantial portion of its (defendant's) merchandise is shipped to points and places outside the State of New York,'' thus implying that *some* of defendant's merchandise is *not* shipped out of the State. It follows that the motion to dismiss must be granted. It is accordingly unnecessary to consider the other question raised by the defendant.

Motion granted with leave to amend the complaint within ten days from the service of a copy of this order with notice of entry.